REUBEN SCHWARTZ, BY HIS NEXT FRIEND, APPELLANT, v. ARGO MILLS COMPANY, RESPONDENT.

---

MAURICE SCHWARTZ, APPELLANT, v. ARGO MILLS COMPANY, RESPONDENT.

Submitted July 8, 1918—Decided November 18, 1918.

A cotton combing machine consisted of a transversing part, and a movable can placed under the machine to receive and hold certain waste produced by the combing, and which the machine, in the process of production, deposited in the can. The plaintiff, an infant, was put at work to take out the waste cotton from the can as it was filled by the moving parts of the machine, and as he was doing this, lost his balance and his hand came in contact with the transversing part of the machine and was injured. The statute forbids employers to require a minor under sixteen years of age to work between fixed or transversing parts of any machine while in motion. *Held*, that it was a jury question whether the plaintiff had been required by the defendant to work in a place forbidden by the statute, and that a nonsuit based upon a finding by the trial court, that the can and moving part of the machine were not parts of the same machine, some of which were moving, was error.

On appeal from the Camden County Circuit Court.

For the appellants, *Ott & Carr.*

For the respondent, *Lewis Starr.*

The opinion of the court was delivered by

BERGEN, J.   The actions above stated were tried and argued together, a judgment of nonsuit being ordered by the trial court, from which the plaintiff in each case has appealed.

One action was by an infant, Reuben Schwartz, who was under the age of sixteen years, for injury suffered while in defendant's service, and the other by his father for the loss of the service of his son, and for moneys expended in the care of, and medical attention for, him, made necessary by his injuries. The action of the son is based on an act entitled (as amended *Pamph. L.* 1914, *p.* 488) "An act regulating the age, employment, safety, health and work hours of persons, employes and operatives in factories, workshops, mills and all places where the manufacture of goods of any kind is carried on, and in mines and quarries, and to establish a department for the enforcement thereof." *Comp. Stat., p.* 3028, § 21, reading: "No minor under sixteen years of age shall be required, allowed or permitted  *  *  *  to work between fixed or transversing parts of any machinery while it is in motion." A summary of the facts proved when the nonsuit was ordered in the case of the minor is that the plaintiff was under sixteen years of age when injured; that defendant knew this, the child having filed a certificate which disclosed it; that he, when first employed, was put at work running an elevator, but was subsequently required to remove cotton waste from a can, into which it was deposited by moving machinery, place it in another can and carry it by means of an elevator to another floor; that the machinery carried to the can the waste in the form of a continuous rope, and when the can was filled plaintiff was required to break the rope and put the waste into another can; that to do this it was necessary to tip the receiving can, hold it in place while removing the waste, and while

doing so lost his balance and his hand was thrown into a part of the machine delivering the waste into the can and injured. The trial court held that plaintiff was not working between fixed or transversing parts of machinery, and was therefore not being required to work in a forbidden place, hence the nonsuit. We are of opinion that this was error.

The clear intent of this legislation is to forbid children from being put at work when part of the appliance is stationary and part in motion. The machine in question consisted of two parts, one the moving part for combing the cotton, and the other a can to receive the waste; they were parts of the machinery necessary to accomplish the purpose of combing the cotton, and while the can was movable, it was so only for the purpose of permitting the removal of the waste, a necessary part of the production of the machine, and a jury might well find it to be within the legislative meaning of a fixed part, used in conjunction with the moving part of the machine which was the direct cause of the injury.

That the common law rules, and not the Workmen's Compensation act, is applicable to the situation now presented, was settled by this court in *Hetzel, Jr., v. Wasson Piston Ring Co.*, 89 *N. J. L.* 201. If the plaintiff proved the foregoing facts he was at least entitled to the judgment of the jury as to the inferences to be drawn.

We think that plaintiff was entitled to have the jury say, among other things, whether he was put to work in a place forbidden by law, under such conditions as amounted to negligence on the part of the defendant, and that the nonsuit cannot be supported by this record.

In the action by the father all the record shows is that he knew his son was working for defendant, but not that he was at work in a forbidden place—that is, the father had no knowledge that his minor son was doing more than putting the cans on the elevator and taking them to a lower floor, which was not the employment in which the infant was engaged when injured. The case does not fall within *Hetzel, Sr., v. Wasson Piston Ring Co.*, 89 *N. J. L.* 205, for, in that case, it was illegal to permit an infant under fourteen years of age

to be engaged at any kind of work in any mill where manufacturing was carried on, and the father was chargeable with an active violation of the law, but in this case the infant was not, being over fourteen years, forbidden to do any work in the mill, but could not be required to work between a fixed and transversing part of a machine, which a jury might infer he was required to do without the father's knowledge. The father had not violated the law; that was done by defendant without concurrence, express or implied, of the father, or a jury might so find.

There is a plain distinction between the Hetzel case and this; in the former the father was consenting to a contract which he knew to be illegal, while in the latter, the original employment was lawful, and it only became illegal by the subsequent act of the defendant, of which the father had no notice, and the nonsuit here was error.

The judgments in each of the cases under review will be reversed and a new trial ordered.

*For affirmance*—PARKER, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, JJ. 5.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, BERGEN, MINTURN, BLACK, TAYLOR, GARDNER, JJ. 9.